UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **MICHAEL NIEWOLAK**, | 2:19-CV-13386-TGB |
| Plaintiff, | |
| vs. | **ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS (ECF NO. 6)** |
| **CITY OF HIGHLAND PARK, MI, SGT KEATH BARTYNSKI, SGT HEATHER HOLCOMB, LT EDWARDS**, | |
| Defendants. | |

This matter is before the Court on Defendants Sergeant Keath Bartynsky, Sergeant Heather Holcomb, and Lieutenant Edwards[1] (together "Individual Officers"), and Defendant City of Highland Park's Motion for Judgment on the Pleadings. ECF No. 6.[2] For the reasons stated herein, the Court will **GRANT IN PART** and **DENY IN PART** Defendants' motion.

---

[1] None of the pleadings identify Lieutenant Edwards' first name.

[2] While captioned as a Motion for Judgment on the Pleadings, Defendants' motion is actually a motion for *partial* judgment on the pleadings because it fails to address Plaintiff's constitutional claims against Defendant Bartynsky (Counts I and II), or Plaintiff's claims against any of the individual Defendant officers for False Arrest and Imprisonment (Count IV), Intentional Infliction of Emotional Distress (numbered incorrectly in the Complaint as a second "Count V") or Assault and Battery (Count VI).

# I. Background

On December 5, 2017, Plaintiff Michael Niewolak claims that while he was working at Great Lakes Auto in Highland Park and attempting to close the gate of the business, Defendant Sgt. Keath Bartynski confronted him, beat him, and arrested him without probable cause. ECF No. 1, PageID.3-4. More specifically, Plaintiff alleges that Bartynski grabbed him, threw and tackled him to the ground twice, and then handcuffed him in an excessively tight manner—all without probable cause or legal justification. *Id.* He also alleges that when Defendants Holcomb and Edwards arrived on the scene, they "participated in and/or failed to stop" Defendant Bartynski's use of excessive force. *Id.* at PageID.4. Plaintiff contends that Holcomb and Edwards also "put their hands on Plaintiff and refused to loosen the handcuffs although Plaintiff informed each and every one of them that the handcuffs were too tight and causing him severe pain and/or requested that the handcuffs be loosened." *Id.* He contends that being thrown to the ground and handcuffed caused him "pain and injury," as well as "abrasions and scratches." *Id.*

Niewolak contends that all three officers then arrested him without any cause and transported him to the Highland Park jail where he was incarcerated without probable cause. *Id.* He also alleges that all charges against him were dropped and that the Defendant Officers "knew that Plaintiff had not committed any crime and knew they had no justification

to arrest Plaintiff but conspired to falsely arrest him, detain him and imprison him all the while knowing that he did not commit any crimes." *Id.* at PageID.4-5. Finally, Niewolak alleges that the officers threatened that if Plaintiff sued them, they would charge him with a felony.

Niewolak now brings eight claims: (1) Violation of the Fourth Amendment under 42 U.S.C. § 1983 (Unreasonable Search and Seizure) (against the Individual Officers); (2) Violation of the Fourth Amendment under 42 U.S.C. § 1983 (Excessive Force) (against the Individual Officers); (3) Violation of the Fourth Amendment by the City of Highland Park (i.e., *Monell* claim); (4) False Arrest and Imprisonment (against the Individual Officers); (5) Ethnic Intimidation in Violation of M.C.L. § 750.147(b) (against all Defendants); (6)[3] Intentional Infliction of Emotional Distress (against the Individual Officers); (7) Assault and Battery (against all Defendants); and (8) Gross Negligence (against the Individual Officers). After answering Plaintiff's complaint (ECF No. 5), Defendants now move for judgment on the pleadings on some of Plaintiff's claims. ECF No. 6.

## II. Standard of Review

A motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) is subject to the same standard of review as a Rule 12(b)(6) motion

---

[3] The Complaint actually has two "Count V's," with both the Ethnic Intimidation claim and the Intentional Infliction of Emotional Distress claim being labeled as Count V.  If numbered correctly, the claims would correspond to the number in parentheses above.

to dismiss for failure to state a claim upon which relief can be granted. *Grindstaff v. Green*, 133 F.3d 416, 421 (6th Cir. 1998). Under Rule 12(b)(6), the Court must "construe the complaint in the light most favorable to the plaintiff and accept all allegations as true." *Keys v. Humana Inc.*, 684 F.3d 605, 608 (6th Cir. 2012). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plausible claim need not contain "detailed factual allegations," but it must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A court "may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. Nat'l Collegiate Athletic Ass'n.*, 528 F.3d 426, 430 (6th Cir. 2008).

### III. Discussion

**A.    Plaintiff's Unreasonable Search and Seizure and Excessive Force Claims (Counts I & II) and Defendants Holcomb's and Edwards' Claims of Qualified Immunity.**

Plaintiff asserts that the Individual Officers violated his Fourth Amendment rights against unreasonable searches and seizures and excessive force when they seized and imprisoned Plaintiff despite

knowing that they lacked probable cause to arrest and detain him, and for handcuffing his wrists too tightly, causing injury. ECF No. 1, PageID.5-9. While Sgt. Bartynski does not invoke qualified immunity or otherwise move for judgment on the pleadings as to Plaintiff's excessive force and unreasonable search and seizure claims,[4] Sgt. Holcomb and Lt. Edwards have claimed they are protected by qualified immunity as governmental officials acting within the scope of their duty. ECF No. 6, PageID.56-62. "Qualified immunity is an affirmative defense shielding governmental officials from liability as long as their conduct 'does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Cartwright v. City of Marine City*, 336 F.3d 487, 490 (6th Cir. 2003) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). Qualified immunity is traditionally a two-step inquiry where courts must determine "whether the plaintiff has shown a violation of a constitutionally protected right" and whether that right is so "clearly established" that a "reasonable official would understand that what he is doing violates that right." *Anderson v. Creighton*, 483 U.S. 635, 640 (1987). The district court may address the qualified immunity analysis in any order. *Kent v. Oakland Cty.*, 810 F.3d 384, 390 (6th Cir. 2016).

"The plaintiff also must allege with particularity 'facts that demonstrate what *each* defendant did to violate the asserted

---

[4] These claims against Bartynski (Counts I & II) therefore survive.

constitutional right.'" *Courtright v. City of Battle Creek*, 839 F.3d 513, 518 (6th Cir. 2016) (quoting *Heyne v. Metropolitan Nashville Public Schools*, 655 F.3d 556, 564 (6th Cir. 2011)). Ultimately, the plaintiff bears the burden of establishing that the officials are not entitled to qualified immunity. *Cartwright*, 336 F.3d at 491. "The test is whether, reading the complaint in the light most favorable to the plaintiff, it is plausible that an official's acts violated the plaintiff's clearly established constitutional right." *Heyne*, 655 F.3d at 562-63. While "insubstantial claims against government officials should be resolved as early in the litigation as possible, preferably prior to discovery," *Johnson v. Moseley*, 790 F.3d 649, 653 (6th Cir. 2015), the Sixth Circuit has also "cautioned that 'it is generally inappropriate for a district court to grant a 12(b)(6) motion to dismiss on the basis of qualified immunity.'" *Courtright*, 839 F.3d at 518 (quoting *Wesley v. Campbell*, 779 F.3d 421, 433 (6th Cir. 2015)). "Although an officer's entitlement to qualified immunity is a threshold question to be resolved at the earliest possible point, that point is usually summary judgment and not dismissal under Rule 12." *Wesley*, 779 F.3d at 433-34 (internal marks and citations omitted).

### 1.   Unreasonable seizure and arrest

Plaintiff alleges that Bartynski, Holcomb, and Edwards, "unlawfully and without probable cause, and all the while knowing no crime had been committed, unreasonably searched, seized and detained Plaintiff." ECF No. 1, PageID.6. Later, Plaintiff alleges that the

Defendants also lacked probable cause to "arrest" Plaintiff and that all charges against him were dropped. *Id.* at PageID.4-6. Finally, he claims that the officers threatened to charge him with a felony if he sued them. *Id.* at PageID.4-5.

"The constitutional right to 'freedom from arrest in the absence of probable cause' is clearly established within our circuit." *Courtwright*, 839 F.3d at 520 (quoting *Wesley*, 779 F.3d at 428). Therefore, to survive the motion to dismiss, Niewolak must allege facts that make out a plausible violation of that constitutional right, *i.e.,* that his arrest was unsupported by probable cause. *Id.* at 521. A police officer has probable cause for arrest if, at the time the officer makes the arrest, "the facts and circumstances within [the officer's] knowledge and of which [he] had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the [plaintiff] had committed or was committing an offense." *Courtright*, 839 F.3d at 521 (quoting *Beck v. Ohio*, 379 U.S. 89, 91 (1964)). "In other words, probable cause exists only when the police officer 'discovers reasonably reliable information that the suspect has committed a crime.'" *Id.* (quoting *Gardenhire v. Schubert*, 205 F.3d 303, 318 (6th Cir. 2000)).

To be sure, Plaintiff's factual allegations surrounding his arrest are sparse. But nevertheless, there is nothing in the complaint, or anything else in the record, that suggests that Plaintiff was committing any offense when Sgt. Bartynski approached him. Viewing the allegations in the

7

complaint in the light most favorable to Niewolak, Plaintiff was at his place of employment, attempting to close the gate of the business when Sgt. Bartynski drove up, out of the blue, approached Plaintiff, accosted him and arrested him. Defendants contend that if Plaintiff is suggesting that Holcomb and Edwards arrived after he was arrested, then the question of whether probable cause existed to warrant the arrest was not a decision that Holcomb or Edwards had to make. ECF No. 6, PageID.59 (citing *Greene v. Barber*, 310 F.3d 889, 898 (6th Cir. 2002) (finding that because the relevant officers arrived just as a third officer was advising the plaintiff that he was under arrest, the relevant officers were entitled to assist their fellow officer in making the arrest and reasonable officers in their position "would have had no reason to suppose that their conduct was in any way unlawful")). But reading the complaint in the light most favorable to Plaintiff, it is alleging that Holcomb and Edwards assisted Bartynski in making the decision to arrest Plaintiff. *See* ECF No. 1, PageID.4 (¶ 14 "Each and every named Defendant officer then arrested Plaintiff without any cause and resulting in Plaintiff being transported to the Defendant City of Highland Park jail where he was incarcerated without probable cause and/or any justification whatsoever."). Therefore, Niewolak alleges that Holcomb and Edwards participated in the decision to arrest him, even though the only thing Niewolak alleges he did was attempt to close the gate of his employment. Plaintiff alleges that the fact

8

that all charges against him were subsequently dropped supports his position that the arrest was without probable cause.

Because Niewolak has stated a plausible claim that his arrest was unsupported by probable cause, he has alleged a violation of a clearly established constitutional right. As any officer would know of the settled constitutional requirement that an arrest must be based on probable cause, Holcomb and Edwards are not entitled to qualified immunity on Plaintiff's unreasonable seizure and arrest claim at this motion to dismiss stage.

### 2.   Excessive Force

Plaintiff's complaint also alleges that Defendants employed unreasonable and unnecessary force when they "ignored Plaintiff's requests to loosen the handcuffs and/or complaints that the handcuffs were too tight, and failed to loosen the handcuffs resulting in injuries to Plaintiff's wrists." ECF No. 1, PageID.8. The complaint alleges that this caused Plaintiff "pain and injury in addition to multiple abrasions and scratches." *Id.* at PageID.4. The complaint first names Defendant Bartynski as being the individual who grabbed Plaintiff, threw and tackled him to the ground twice and handcuffed him excessively tight. ECF No. 1, PageID.4. However, it then alleges that Holcomb and Edwards arrived "and participated in and/or failed to stop the assault on Plaintiff" "when they too put their hands on Plaintiff and refused to

9

loosen the handcuffs" despite Plaintiff's pleas to loosen because they were causing pain and injury. *Id.*

Claims alleging the use of excessive force during an arrest are considered under the Fourth Amendment's "objective reasonableness" standard. *Graham v. Connor*, 490 U.S. 386, 396 (1989). This standard requires us to consider

> the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight.

*Id.* at 396. In the scope of handcuffing, "[t]he law is clear in this Circuit regarding the prohibition against excessively forceful handcuffing." *Baynes v. Cleland*, 799 F.3d 600, 616-17 (6th Cir. 2015); *see also Kostrzewa v. City of Troy*, 247 F.3d 633, 641 (6th Cir. 2001) (the right to be free from "excessively forceful handcuffing" is clearly established for qualified immunity purposes). Accordingly, it was clearly established in 2017 that Plaintiff had a right to be free from excessively forceful handcuffing. *See also Courtright*, 839 F.3d at 519.

However, under a qualified immunity analysis, the Court must also consider whether Niewolak has set forth sufficient allegations that Holcomb and Edwards engaged in excessively forceful handcuffing. To establish an excessive force claim based on handcuffing, the plaintiff must allege that: (1) the plaintiff complained about the tightness of the handcuffs, (2) the officers ignored the plaintiff's complaint, and (3) the

handcuffs caused a physical injury. *McGrew v. Duncan*, 937 F.3d 664, 668 (6th Cir. 2019). Moreover, "[n]ot all allegations of tight handcuffing . . . amount to excessive force." *Lyons v. City of Xenia*, 417 F.3d 565, 575 (6th Cir. 2005). "[A] subjective feeling of pain or numbness standing alone does not constitute a physical injury." *Jackson v. Lubelan*, 657 Fed.Appx. 487, 501 (6th Cir. 2016). But "[t]he extent of the physical injury suffered by the plaintiff need not be severe in order to sustain the excessive-force claim." *Courtright*, 839 F.3d at 519 (citing *Morrison v. Bd. of Trs.*, 583 F.3d 394, 402 (6th Cir. 2009) (finding that allegations of bruising, wrist marks, and "attendant pain" suffered by the plaintiff while she was handcuffed were sufficient to proceed past summary judgment).

Here, Plaintiff has alleged sufficient facts to state a claim of excessively forceful handcuffing against Holcomb and Edwards. Plaintiff alleges that (1) he complained to each of the officers that the handcuffs were too tight, (2) that each of the officers ignored Plaintiff's requests to loosen the handcuffs, and (3) that the officers' failure to loosen the handcuffs resulted in injuries to Plaintiff's wrists, including abrasions and scratches. ECF No. 1, PageID.4 (¶ 15); *id.* at PageID.8 (¶ 33). That Plaintiff does not distinguish between the individual officers at this time is not dispositive. An excessive force handcuffing claim may be alleged against officers even if those officers did not physically handcuff the plaintiff, but they heard the plaintiff's complaints and did nothing. *Baynes v. Cleland*, 799 F.3d 600, 608-09 (6th Cir. 2015) (denying qualified

immunity for officer who did not place handcuffs on the plaintiff but heard the plaintiff complain that the handcuffs were too tight). So long as Plaintiff alleges that Holcomb and Edwards heard him complain that the handcuffs were too tight and did nothing, a claim can be brought against them. *Id.* Plaintiff has alleged as much. Therefore, Defendants Holcomb and Edwards are not entitled to qualified immunity on Plaintiff's excessive force claim at the motion to dismiss stage.[5]

## B.   Whether the Remainder of Plaintiff's Claims that Defendants Contest Should be Dismissed Without Prejudice

Defendants likewise move to dismiss all claims against the City and state law claims of ethnic intimidation and gross negligence against the officers. The Individual Officers also challenge the Fourteenth Amendment claim of excessive force and/or Substantive Due Process. Plaintiff has agreed to dismiss each of these claims without prejudice except that he still maintains that he has sufficiently pled a Fourteenth Amendment violation for excessive force under the Substantive Due Process clause.

---

[5] Plaintiff's complaint also states that he is suing the individual officers in their official capacity for these Fourth Amendment violations. But "an official-capacity claim is merely another name for a claim against the municipality." *Essex v. Cty. of Livingston*, 518 Fed.Appx. 351, 354 (6th Cir. 2013) (citing *Cady v. Arenac Cnty.*, 574 F.3d 334, 342 (6th Cir. 2009) ("In an official capacity action, the plaintiff seeks damages not from the individual officer, but from the entity for which the officer is an agent."). Because Plaintiff has agreed to dismiss all claims against the City of Highland Park without prejudice and therefore Defendant Highland Park will be dismissed from this lawsuit without prejudice, the Court will likewise dismiss without prejudice Plaintiff's claims against the officers in their official capacity.

### 1.    Monell Claim (Count III)

Defendants move to dismiss Plaintiff's claim that the City of Highland Park permitted customs, practices, and/or policies which resulted in the violation of Plaintiff's constitutional rights, as alleged in Counts I and II. ECF 1, PageID.9-12. More specifically, the complaint alleges that the City failed to adequately train and supervise its officers regarding arrests and the use of excessive force on arrestees, failing to fully investigate citizen complaints, failing to discipline officers who the City knows or should know are violating citizens' constitutional rights, and failing to adequately train officers on the proper policies and procedures for establishing probable cause to arrest. *Id.* Plaintiff contends that defense counsel failed to contact Plaintiff's counsel prior to filing its motion, and that if Defendants had done so, Plaintiff would have agreed to dismiss this claim without prejudice. ECF No. 12, PageID.91-92. Plaintiff argues that whether Defendants are entitled to judgment on the pleadings on this claim should therefore be moot and that Defendants' motion with respect to this issue should be denied. *Id.*

Defendants believe this count should be dismissed with prejudice. However, given that Defendants failed to seek concurrence from Plaintiffs prior to filing their motion in accordance with Local Rule 7.1(a), Plaintiff did not meaningfully respond to the merits of Defendants' arguments as to this count. Because Defendants failed to seek concurrence from Plaintiff prior to filing their motion in contravention of

Local Rule 7.1(a) and Plaintiff agrees to dismiss this claim without prejudice, the Court **DENIES** Defendants' motion with respect this claim and **ORDERS** that Plaintiff file a notice of voluntary dismissal with respect to Count III within seven (7) days of the entry of this Order.

### 2.    State Claims Against the City of Highland Park

Plaintiff also brought various state law claims against the City of Highland Park: Count IV, for False Arrest and Imprisonment, Count V, for Ethnic Intimidation, and Count VII, for Assault and Battery. Though Plaintiff agrees to dismiss these claims without prejudice (ECF No. 12, PageID.95-96), Defendants contend that dismissal with prejudice is appropriate due to the apparent governmental immunity that the City enjoys from tort liability. ECF No. 13, PageID.99.

Under the Governmental Tort Liability Act ("GTLA"), M.C.L. § 691.1407, "[e]xcept as otherwise provided in [the] act, a governmental agency is immune from tort liability if [it] is engaged in the exercise or discharge of a governmental function." M.C.L. § 691.1407(1). The Michigan Supreme Court has held that, "[a]ccordingly, a governmental agency is immune unless the Legislature has pulled back the veil of immunity and allowed suit by citizens against the government." *Mack v. City of Detroit*, 467 Mich. 186, 195, 649 N.W.2d 47 (2002). The GTLA has allowed suit against a governmental agency in only five areas. *Id.* The five statutory exceptions to governmental immunity are the "highway exception," M.C.L. § 691.1402, the "motor vehicle exception," M.C.L. §

691.1405, the "public building exception," M.C.L. § 691.1406, the "proprietary function exception," M.C.L. § 691.1413, and the "governmental hospital exception," M.C.L. § 691.1407(4). *Id.* at 195 n.8. And a party suing a unit of government is required to plead facts in avoidance of immunity, as governmental immunity is not an affirmative defense, but a characteristic of government which prevents imposition of tort liability. *Id.* at 198, & n.15. *See also Hall v. McCarty*, No. 12-12064, 2013 WL 1012999, at *8 (E.D. Mich. Mar. 14, 2013). Here, Plaintiff's complaint does not plead any facts stating or otherwise suggesting that the City was not engaged in the exercise or discharge of a governmental function or that any of the five statutory exceptions applied. Accordingly, Defendants' motion is **GRANTED** as to Count IV for False Arrest and Imprisonment, Count V labeled Ethnic Intimidation, and Count VI Assault and Battery and Plaintiff's state claims against the City of Highland Park are **DISMISSED WITHOUT PREJUDICE**.

### 3. Fourteenth Amendment Claim

In Count II of Plaintiff's complaint, Niewolak alleges that Defendants' excessive use of force violated not only his rights under the Fourth Amendment, but the Fourteenth Amendment as well. ECF No. 1, PageID.7-9. Excessive force claims can fall under the Fourth Amendment or the Fourteenth Amendment. *Coley v. Lucas Cty.*, 799 F.3d 530, 537 (6th Cir. 2015). "[T]he applicable amendment depends on the plaintiff's status at the time of the incident: a free citizen in the process of being

arrested or seized; a convicted prisoner; or someone in 'gray area[s]' around the two." *Id.* "When a free citizen claims that a government actor used excessive force during the process of an arrest, seizure, or investigatory stop, we perform a Fourth Amendment inquiry[.]" *Id.* "These Fourth Amendment protections extend through police booking until the completion of a probable cause hearing." *Id.* (citing *Aldini v. Johnson*, 609 F.3d 858, 866, 67 (6th Cir. 2010)). Here, all of Plaintiff's allegations of excessive force occurred during the arrest process and certainly before any probable cause hearing. Therefore, the Fourth Amendment, not the Fourteenth Amendment, applies to his excessive force claim. Therefore, Count II to the extent it alleges a violation of the Fourteenth Amendment is **DISMISSED WITH PREJUDICE**.

### 4. Claims for Gross Negligence and Ethnic Intimidation Against the Individual Officers (Counts V & VII)

Finally, Plaintiff brought claims for ethnic intimidation (Count V) and gross negligence (Count VII) against the Individual Officers. Defendants have moved to dismiss these claims, ECF No. 6, PageID.63-66, but Plaintiff has agreed to dismiss these claims without prejudice. Again, because Defendants failed to seek concurrence from Plaintiffs prior to filing their motion in accordance with Local Rule 7.1(a), Plaintiff did not meaningfully respond to the merits of Defendants' arguments as to these counts. Accordingly, the Court **DENIES** Defendants' motion with respect this claim and **ORDERS** that Plaintiff file a notice of

voluntary dismissal with respect to Counts V and VII within seven (7) days of the entry of this Order.

## IV. Conclusion

Accordingly, for the reasons stated above, Defendants' motion for judgment on the pleadings (ECF No. 6) is **GRANTED IN PART and DENIED IN PART**.

Specifically, as to Counts I (Unreasonable Search and Seizure) and II (Excessive Force) against Defendants Bartynski, Holcomb and Edwards in their individual capacities, the motion is **DENIED**, with the exception that, to the extent Count II alleges a Fourteenth Amendment violation, the motion is **GRANTED**, and that claim is **DISMISSED**.

As to the *Monell* claim alleged in Count III, against the City of Highland Park, the Plaintiff has agreed to dismiss this claim, so it will be **DISMISSED WITHOUT PREJUDICE**. Plaintiff is **ORDERED** to file a notice of voluntary dismissal with respect to the claim described above within seven (7) days within the entry of this Order.

The motion is **GRANTED** as to Count IV for False Arrest and Imprisonment, Count V labeled Ethnic Intimidation, and Count VI Assault and Battery, and those Counts are **DISMISSED WITHOUT PREJUDICE** as against Defendant City of Highland Park. Defendant City of Highland Park is therefore **DISMISSED WITHOUT PREJUDICE**.

As to the individual claims under Count V (Ethnic Intimidation) and Count VII (Gross Negligence), the Plaintiff has agreed to dismiss those claims, so they will be **DISMISSED WITHOUT PREJUDICE** as against Defendants Holcomb, Edwards, and Bartynski. Plaintiff is **ORDERED** to file a notice of voluntary dismissal with respect to the claims described above within seven (7) days within the entry of this Order.

As to Plaintiff's claims against Defendants Holcomb, Edwards, and Bartynski for False Arrest and Imprisonment (Count IV), Intentional Infliction of Emotional Distress (labeled as Count V), and Assault and Battery (Count VI), Defendants did not move for judgment on the pleadings as to these claims.

In summary, the remaining Counts in the Complaint are as follows: Counts I (Unreasonable Search and Seizure) and II (Excessive Force) under the Fourth Amendment only as to all individual Defendants;

Count IV (False Arrest and Imprisonment) against all individual Defendants; Count V (Intentional Infliction of Emotional Distress) against all individual defendants; and Count VI (Assault and Battery) against all individual defendants.

**SO ORDERED.**

DATED: September 18, 2020.


BY THE COURT:


/s/Terrence G. Berg
TERRENCE G. BERG
United States District Judge